IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD E. KARCH,** ) | |
| Jefferson County Jail # 32187, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CASE NO. 12-cv-825-JPG |
| vs. ) | |
| ) | |
| **ROGER MULCH and CISSY BROWN,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald E. Karch, a pretrial detainee in the Jefferson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from
> such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds that expedited review of Plaintiff's claim is warranted.

**<u>The Complaint</u>**

In his pro se complaint (Doc. 1), Plaintiff alleges that the batteries in his pacemaker have gone dead, rendering it non-functional.  The Defendants, Sheriff Roger Mulch and Nurse Cissy Brown, have refused to take him to a hospital to get the pacemaker or batteries replaced.  Plaintiff is experiencing chest pain, as well as pain up and down his left arm, shoulder and neck.  He cannot sleep for fear that he may not wake up again (Doc.1, p. 5).

Plaintiff seeks dismissal of the charges against him so that he may be released to seek medical care, and in the alternative, requests damages.  Furthermore, on July 30, 2012, Plaintiff submitted a request (Doc. 7) in which he states his belief that his life is in danger and asked for an attorney to be appointed so he can get his pacemaker fixed.  The Court shall construe this request as both a motion for a temporary restraining order (TRO) and as a second request for the

appointment of counsel.

Shortly before the instant complaint was filed, Plaintiff submitted another complaint, raising nearly identical claims against the same two Defendants. That complaint was filed on July 16, 2012, under Case No. 12-800-JPG.

**Consolidation of Cases**

Plaintiff states in the complaint filed in 12-800-JPG that jail staff is not sending his mail because he is suing them. Thus, it appears that Plaintiff did not intend to file two separate suits, but instead sent duplicate complaints out of a concern that his mail would not be delivered to the Court. The Seventh Circuit has indicated that related cases filed within the same U.S. District Court should be transferred to (or consolidated before) a single District Judge. *See, e.g. Smith v. Check-N-go of Illinois, Inc.,* 200 F.3d 511, 513 n.1 (7th Cir. 1999); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). Accordingly, Plaintiff's two pending cases shall be consolidated, and shall proceed under Case Number 12-825-JPG. No filing fee shall be assessed for Case Number 12-800-JPG.

**Discussion**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

> Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Thus, for 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

Plaintiff has alleged that he has a heart condition which requires a pacemaker; clearly an objectively serious medical condition. The pacemaker requires functioning batteries in order to protect Plaintiff's health. However, Defendants Mulch and Brown have refused to secure the medical care necessary for Plaintiff to get the dead batteries in his pacemaker replaced, despite his requests, and he has described physical symptoms suggesting that his heart is not functioning as it should. At this stage of the litigation, Plaintiff has sufficiently alleged deliberate indifference on the part of these Defendants to warrant further consideration of his complaint.

**Pending Motions**

    **A. Motion for Leave to Proceed In Forma Pauperis (IFP) (Doc. 2)**

Plaintiff seeks leave to proceed without prepayment of the Court's ordinary filing fee of $350.00 in civil cases. Plaintiff has submitted a certified prisoner trust fund statement, which was filed in Case No. 12-800-JPG as Doc. 6. Based on that statement, the Court finds that Plaintiff is

indigent and unable to pay the full filing fee in advance; therefore, leave to proceed in forma pauperis is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 4.84**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's jail trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's jail/prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**B. Motions to Appoint Counsel (Docs. 3 & 7)**

Plaintiff requested the appointment of counsel at the time he filed this action (Doc. 3). In that motion, he indicated that he had been unable to contact any attorneys to seek representation due to his lack of funds and lack of contact information for potential lawyers. He has limited education, having only completed grammar school.

Plaintiff then submitted another request to the Court on July 30, 2012 (Doc. 7), in which he again asked for an attorney to be appointed so he can get his pacemaker fixed, noting that he feels his life is in danger.

There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Ordinarily, the Court will not consider granting a request for the appointment of counsel unless a plaintiff first demonstrates that he has made reasonable attempts to secure counsel on his own or that he has been effectively

precluded from doing so, *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff here alleges that he has been effectively precluded from contacting attorneys to seek representation. Secondly, the Court must consider whether, given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Id.* Concerning this step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. Plaintiff has very limited education. The immediate challenge in this case is whether he may be able to establish his entitlement to any injunctive relief in order for his medical needs to be addressed.

The potentially life-threatening nature of Plaintiff's medical dilemma, along with Plaintiff's apparently limited abilities as a pro se litigant, create an unusual circumstance warranting the appointment of counsel, at least during this initial evaluation of Plaintiff's claim. *See Pruitt*, 503 F.3d at 655. The Court is attempting to recruit counsel to represent Plaintiff in this matter. Therefore, a separate order shall be entered granting the motions to appoint counsel. Until that time, Plaintiff's motions (Docs. 3 & 7) are held in abeyance and shall remain pending.

### C. Motion for Temporary Restraining Order (TRO) (Doc. 7)

As noted above, in Doc. 7, Plaintiff not only requests the appointment of counsel, but claims that his life is in danger, and reiterates the need for his pacemaker to be fixed. In keeping with the Court's responsibility to liberally construe pro se pleadings, this document shall be construed as a motion for a TRO. Because Plaintiff's condition may be life-threatening, review of his claims shall be expedited, and an **EMERGENCY STATUS CONFERENCE** shall be held as detailed below. At that conference, the Court shall address Plaintiff's motion for TRO (Doc. 7).

**Disposition**

**IT IS ORDERED** that an **EMERGENCY STATUS CONFERENCE** in this case shall take place in the **United States District Courthouse in Benton, Illinois, on Monday, August 6, 2012, at 11:30 a.m., before United States District Judge J. Phil Gilbert**.  Defendant Mulch is **ORDERED** to have Plaintiff Donald Karch transported to the Benton courthouse for this conference.

**IT IS FURTHER ORDERED** that Case No. 12-800-JPG and Case No. 12-825-JPG are **CONSOLIDATED** for all further proceedings.  Case No. 12-825-JPG shall be the lead case.  All future pleadings shall be filed under Case No. 12-825-JPG and contain case number 12-825-JPG.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff and to the Trust Fund Officer at the Jefferson County Jail *upon entry of this Order*.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **MULCH** and **BROWN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  In order to ensure that Defendants are notified of the emergency hearing, the Clerk shall also mail a duplicate set of these documents to each Defendant via certified mail, return receipt requested.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 30, 2012**

           *s/J. Phil Gilbert*
           **United States District Judge**